UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Plaintiff,<br>v.<br>COLE JOSEPH DOTSON,<br>　　　　　　Defendant. | Civil No. 11-cv-2932 AJB  (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION OF REMOVAL OF STATE CRIMINAL PROSECUTION PURSUANT TO 28 U.S.C. § 1442(a)(1)** |

　　　Defendant, Cole Joseph Dotson, filed a motion, [Doc. No. 1], for removal of a state criminal prosecution pursuant to 28 U.S.C. § 1442(a)(1). The Plaintiff filed an opposition, [Doc. No. 4], and the Defendant filed a reply, [Doc. No. 7.] The Court finds this motion appropriate for submission on the papers without oral arguments pursuant to Civil Local Rule 7.1.d.1, however, the hearing set for February 17, 2012 at 1:30 p.m. before Judge Battaglia will go forward to address other matters in the case. Based upon the parties moving papers and for the reasons set forth below, the Defendant's motion for removal is hereby **GRANTED.**

## *Background*

### *I. Factual Background*

　　　Defendant Dotson is a Special Agent/Criminal Investigator employed by the Department of Homeland Security, specifically within the United States Immigration and Customs Enforcement. [Doc. No. 1, at 1.] He has held this position since October 28, 2007. *Id.* On December 29, 2009, Special Agent Dotson was assigned to the Office of Investigations, Proactive Narcotics Group in El Centro,

1

1  California where he was directed to report to the Calexico Port of Entry. *Id.* at 2. He was assigned to a
2  team of undercover agents to follow and conduct surveillance of a suspected methamphetamine
3  smuggler who was believed to be importing approximately 1½ pounds of methamphetamine. *Id.*
4  Special Agent Dotson followed the suspected smuggler in an unmarked law enforcement vehicle on a
5  parallel route as he crossed the Mexican border into America. Special Agent Dotson's unmarked
6  vehicle was properly equipped with working emergency lights and sirens, but neither was activated at
7  the time of the collision. The collision occurred in a rural area at the intersection of Bowker and Heber
8  roads. It was a clear night and Special Agent Dotson was driving at speeds often exceeding 100 miles
9  per hour. Special Agent Dotson ran a clearly marked stop sign and collided with another vehicle as it
10 entered the intersection. Both vehicles were totaled and both ended up in a nearby ditch. As a result of
11 the collision, three occupants of the other vehicle died and two children were injured. Special Agent
12 Dotson's suffered moderate injuries. *Id.*

### *II. Procedural History*

The District Attorney for Imperial County convened a grand jury, which declined to return an indictment against Special Agent Dotson. [Doc. No. 1, at 1.] The Imperial County District Attorney filed a complaint charging Special Agent Dotson with three counts of Vehicular Manslaughter. *Id.* at 4. After the October 25 and 26, 2011 preliminary hearing, an Information was filed (case number JCF27072) charging Special Agent Dotson with three felony counts of Vehicular Manslaughter, in violation of California Penal Code § 192(c)(1), and with penalty enhancements for personal infliction of great bodily injury pursuant to Cal. P.C. §§ 12022.7(a) and (d). *Id.* On December, 16, 2011, Special Agent Dotson filed a Notice of Removal pursuant 28 U.S.C. § 1442(a)(1) seeking removal of the state criminal prosecution to federal court. [Doc. No. 1, at 1.]

### ***Legal Standard***

Removal of criminal proceedings from state to federal court is guided by 28 U.S.C. § 1442(a)(1) which states in relevant part that a civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in

>an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In *Mesa v. California* the Supreme Court outlined a test for federal officer removal. 489 U.S. 121 (1989). The test specifies that the officer must have acted "under color of office" when the incident occurred. *Id.* at 123; *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). In order to test if the officer was acting "under color of office," there must be a causal connection between the charged conduct and the asserted official authority. *Mesa*, 489 U.S. 123; *Willingham*, 395 U.S. at 409. In addition, removal must be predicated on the averment of a federal defense. *Mesa*, 489 U.S. at 127-129 (citing *Tennessee v. Davis*, 100 U.S. 257, 271(1880)). The "federal officer removal statute [requires] the averment of a [specific] federal defense." *Mesa*, 489 U.S. at 133. The Supreme Court has interpreted the removal statute to "cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Willingham*, 395 U.S. at 406-407.

## *Discussion*

Special Agent Dotson seeks removal pursuant to 28 U.S.C. § 1442(a) and must therefore demonstrate a colorable claim of federal immunity or other federal defense. *See People of State of Cal. v. Mesa*, 813 F.2d 960, 967 (9th Cir. 1987). To be "colorable," the federal defense does not need to be proven to a virtual certainty, because "§1442( a)( 1) does not require that a defense will be successful before removal is appropriate." *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001). Rather, to be colorable, all the defense needs to be is plausible. *Id.* In addition to there being a plausible federal defense there must also be a "causal connection" between the charged conduct and the asserted federal authority. *Willingham v. Morgan*, 395 U.S. 402, 409 (1969). In other words, there must be some sort of "federal question" at issue.

Special Agent Dotson argues that he has a federal immunity defense pursuant to 21 U.S.C. § 885 which states, "No civil or criminal liability shall be imposed by virtue of this subchapter upon any duly authorized federal officer lawfully engaged in the enforcement of this subchapter. . . who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances." At the time of the accident Special Agent Dotson was on duty as an officer within a

component agency of the Department of Homeland Security. [Doc. No. 1, at 1.] He was engaging in an assignment to investigate several federal criminal offenses.[1] [Doc. No. 1, at 2.] In *Mesa*, the Court understood the "under color of office" requirement to mean removal is appropriate when a "federal officer is prosecuted for the manner in which he had performed his federal duties." 489 U.S. at 125.

The Plaintiff argues that Special Agent Dotson is not being prosecuted for carrying out his federal duties, rather, he is being prosecuted for driving his vehicle in a grossly negligent manner that resulted in the death of three individuals. Notwithstanding Special Agent Dotson's proffered immunity defense, the Plaintiff argues that there was no causal connection between the allegation of grossly negligent driving and the federal investigation Special Agent Dotson was conducting. *See* Doc. No. 4, at 7. The Plaintiff contends that no federal interest is served by removal and therefore Special Agent Dorson's motion should be denied.

However, the Court notes that the state court prosecution arises out of actions Special Agent Dotson's contends he was required to perform in the course of his law enforcement duties. Special Agent Dotson argues that his actions and the resulting accident occurred as a result of his response to an exigent circumstance, i.e. the need to assist his fellow agents in following and surveilling a potentially dangerous cross-border methamphetamine drug-trafficker. Cases interpreting § 1442 recognize that a defendant's assertion of an exigency is sufficient to meet the liberal pleading requirement to remove a prosecution based on a traffic violation in state court.[2] Significantly, the court highlighted that an

---

[1] Importation of methamphetamine, 21 U.S.C. §§ 952 and 960; Possession with intent to distribute methamphetamine, 21 U.S.C. § 841; Laundering of monetary instruments, 18 U.S.C. §§ 1956 and 1957; and Conspiracy to commit previous offenses listed, see 21 U.S.C. §§ 846 and 963; 18 U.S.C. §§ 1956 and 1957.

[2] In *City of Norfolk, Virginia v. McFarland*, 143 F. Supp. 587 (E.D. Va. 1956), for example, a Treasury investigator sought to remove a traffic violation to federal court. The investigator had received a call from an informant indicating an illegal distillery was operating and its operators were preparing a liquor run. In response, the investigator drove his personal car to another officer's home to pick him up to conduct a raid against the suspected distillers. En route, he was pulled over and cited for speeding. Addressing the prosecution's objection to removal to federal court, the court found a sufficient causal connection between the officer's driving and his federal law enforcement duties to require acceptance of §1442(a) removal. In so doing, the court noted "any suggestion that Congress did not intend to include misdemeanors relating to the operation of motor vehicles on the public highways is too broad to be applied universally in all cases." *Id.* at 589.
   Similarly, in *North Carolina v. Cisneros*, 947 F.2d 1135 (4th Cir.1991), the Fourth Circuit examined the proper standard to apply in cases involving on-duty traffic accidents of federal officers invoking federal immunity. The court stated:

exigency providing immunity is dependent on the facts, and the exigency is not limited to cases involving highspeed pursuit of a fleeing felon:

> Nor can a distinction be properly drawn if, instead of being in actual pursuit, the officer is merely on the way to make an arrest, or merely seeking an offender with intent to arrest him when found. It seems to me that it is as much the officer's right, even if not as much his duty, to proceed on his way, or to proceed with his search, as it is to pursue when the offender is in sight and is fleeing.

*Id.* (quoting *Commonwealth of Virginia v. De Hart, C.C.*, 119 F. 626, 628).

From a review of these and similar cases, the Court concludes that the removal provision must be interpreted to authorize removal in traffic matters as long as there is some meaningful connection between the driving and a law enforcement urgency.[3] Here, Special Agent Dotson has articulated a reasonable basis authorizing the violation of traffic laws to fulfill his federal law enforcement responsibilities.[4] Based upon the foregoing, the Court finds that a causal connection exists between Special Agent Dotson's charged conduct and exigency related to his federal duties which dictated the way in which he was required to carry out those duties.

///

///

---

[T]o establish ... a federal immunity defense—hence federal removal jurisdiction—growing out of an on-duty vehicular traffic accident, a federal officer must show that the accident resulted from an exigency or emergency related to his federal duties which dictated or constrained the way in which he was required to, or could, carry out those duties. Thus, the necessity to exceed a speed limit in order to capture a fleeing felon, or to execute a raid, or the necessity to use a known defective vehicle to complete emergency snow clearing are examples of facts supporting an immunity defense, hence federal jurisdiction, in this type situation. But facts which do not reveal any such legitimately constraining duty-related emergency or exigency as the cause of state law violation do not suffice to establish a federal defense, hence a basis for removal jurisdiction. *Id.* at 1139

[3] Compare *City of Norfolk v. McFarland*, 143 F. Supp. 587 (E.D. Va. 1956) (removal required where investigator is hustling to pick up fellow officer before conducting raid), with *State v. Ivory*, 906 F. 2d 999, 1002 (4th Cir. 1990) (no basis for removal where military convoy driver made an illegal turn into cross-traffic, causing an accident; no proffer of immunity, and "he has not alleged anything in the conduct of his federal responsibilities which justified his violation of these laws") and *State of Florida v. Huston, D.C.*, 283 F. 687 (no removal where officer's allegedly reckless driving occurs while officer returning to headquarters without any necessity for excess speed).

5

///

## *Conclusion*

For the reasons set forth above, the Court hereby **GRANTS** Defendant's motion to remove the state criminal case to federal court pursuant to 26 U.S.C § 1442(a)(1).

IT IS SO ORDERED.

DATED:  February 16, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge